IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WILLIAM O. BROWN, II,

    Plaintiff,               No. CIV S-03-2365 GEB GGH P

    vs.

MULE CREEK STATE PRISON, et al.,

    Defendants.           FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' motion to dismiss filed January 18, 2005. Defendants move to dismiss pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6) for failure to exhaust administrative remedies and for failure to state a claim. After carefully reviewing the record, the court recommends that the motion to dismiss for failure to exhaust administrative remedies be denied. The motion to dismiss for failure to state a claim should be granted.

<u>Plaintiff's Claims</u>

        This action is proceeding on the amended complaint filed March 24, 2004. The defendants are M. Booth, V. Nichols, R.J. Subia, A. Burruel, M. Knowles and N. Grannis. Plaintiff alleges that on July 23, 2002, he mailed a package from Mule Creek State Prison (MCSP). Plaintiff's family initiated a UPS search when the package did not timely reach its

1

destination. Plaintiff's family discovered that the package was returned to MCSP after it was determined that it had an improper address. Defendant Booth received and signed for the package on August 7, 2002. At that time, plaintiff had been transferred to a different prison.

On October 8, 2002, defendant Booth issued a memorandum to plaintiff directing him to send funds to MCSP for re-mailing and to provide a new address for the package by October 31, 2002. Defendant Booth also informed plaintiff that the package would be destroyed if he failed to send the funds and the new address.

Plaintiff filed an administrative appeal regarding the handling of his package, appeal no. 02-2267. On October 21, 2002, defendants Nichols, Subia and Burruel provided a First Level Appeal response. See Exhibit C attached to amended complaint. Defendants stated that upon receipt of the appeal response, plaintiff would have fifteen days to provide funds in order to have his property mailed to an appropriate address. Id. The response stated that if the proper funds were not received, the property would be donated or destroyed. Id.

Plaintiff appealed defendants' response to the Second Level. On January 31, 2003, defendant Knowles responded. Id. The response states that plaintiff claims that he did not receive the October 21, 2002, appeal response until November 4, 2002. Id. Plaintiff submitted the trust account withdrawal order on December 3, 2002. Id. However, plaintiff's balance at that time was $0. Id.

On April 18, 2003, defendant Grannis responded to plaintiff's Third Level Appeal. Id. In her response, defendant Grannis stated that plaintiff claimed that the package was now missing and sought reimbursement. Id. Defendant Grannis responded that the package was disposed of after plaintiff was provided with proper notification and time to dispose of it himself. Id.

Plaintiff alleges that defendants violated his right to due process by failing to give him adequate time to re-submit his trust account withdrawal order. Plaintiff also claims that defendants did not follow the regulations set forth in Title 15 regarding the processing of

returned mail in violation of his right to due process. Plaintiff argues that the regulations provided that returned mail was to be returned to the inmate. Plaintiff also alleges that defendants' conduct violated the Eighth Amendment.

Failure to Exhaust Administrative Remedies

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal: 1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5). A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. 121 S. Ct. at 1825. Therefore, inmates seeking money damages must completely exhaust their administrative remedies. 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

Defendants argue that plaintiff failed to exhaust administrative remedies because appeal no. 02-2267 did not name any of the defendants.

The purpose of administrative exhaustion is to give prison officials time and opportunity to address complaints internally before allowing the initiation of a federal case. Porter v. Nussle, 534 U.S. 516, 524-525, 122 S.Ct. 983, 988 (2002). Appeal no. 02-2267 put defendants on notice that plaintiff was complaining about the processing of his package.

3

1  Plaintiff's failure to specifically identify any defendant by name did not deprive defendants of an
2  opportunity to address his claim.  Identification of defendants in administrative appeals may be
3  required as to certain claims, such as excessive force, where prison officials cannot address the
4  claim without knowing the identify of those involved.  However, identification of defendants in
5  the instant case was not crucial.
6       More importantly, plaintiff's claims against all defendants but for defendant
7  Booth are based on their denials of his appeals.  Under these circumstances, plaintiff could not
8  have named defendants Grannis and Knowles in his First or Second Level Appeals.   Defendants
9  are implicitly suggesting that plaintiff was required to file yet another round of administrative
10 appeals regarding defendants' denial of appeal no. 02-2267.  Because defendants have already
11 had an opportunity to consider plaintiff's claim, additional exhaustion is not required.
12      Because the court finds that plaintiff has exhausted his administrative remedies as
13 to all defendants, the motion to dismiss for failure to exhaust administrative remedies should be
14 denied.
15 <u>Failure to State a Claim</u>
16      *Legal Standard*
17      A complaint should not be dismissed under Rule 12(b)(6) unless it appears
18 beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which
19 would entitle him to relief.  <u>NOW, Inc. v. Schiedler</u>, 510 U.S. 249, 256, 114 S. Ct. 798, 803
20 (1994); <u>Hishon v. King & Spalding</u>, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing <u>Conley
21 v. Gibson</u>, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), <u>Cervantes v. City of San Diego</u>, 5 F.3d
22 1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based
23 on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a
24 cognizable legal theory."  <u>Balistreri v. Pacifica Police Dep't</u>, 901 F.2d 696, 699 (9th Cir. 1990);
25 <u>see</u> <u>also</u> <u>Robertson v. Dean Witter Reynolds, Inc.</u>, 749 F.2d 530, 534 (9th Cir. 1984).
26

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Rex Hospital Trustees</u>, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, <u>reh'g denied</u>, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" <u>NOW,</u> 510 U.S. at 256, 114 S. Ct. at 803, <u>quoting</u> <u>Lujan v. Defenders of Wildlife</u>, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. <u>Durning v. First Boston Corp.</u>, 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, <u>Mullis v. United States Bankruptcy Ct.</u>, 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, <u>Mack v. South Bay Beer Distributors</u>, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981).

A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment. <u>See</u> <u>Noll v. Carlson</u>, 809 F. 2d 1446, 1448 (9th Cir. 1987).

*Analysis*

Defendants first argue that plaintiff's claim alleging deprivation of his property fails to state a due process claim.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful

postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause. An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes. Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987). The California Legislature has provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.

Because California provides a meaningful postdeprivation remedy, plaintiff may only bring a due process claim based on an authorized and intentional deprivation of property.

Plaintiff claims that defendants did not follow regulations regarding the processing of returned mail. Plaintiff claims that defendants violated Cal. Code Regs. tit. 15, § 3149(a)(8) which provides that mail received for an inmate who has been transferred from the facility where the mail was received will be immediately forwarded to the facility to whom the inmate's custody has been relinquished. Plaintiff also claims that defendants failed to comply with § 3147(a)(4) which provides that all undelivered packages returned to a facility shall be inspected before being returned to the inmate. Plaintiff's claim that defendants did not give him adequate time to re-submit his trust account order is apparently also based on a failure of defendants to follow regulations.

Because plaintiff claims that defendants failed to follow regulations regarding the processing of returned mail, the alleged deprivation was not authorized. Therefore, plaintiff has not stated a colorable due process claim against defendants. Accordingly, defendants' motion to dismiss this claim should be granted.

Defendants also argue that plaintiff's allegations fail to state an Eighth Amendment claim. The Eighth Amendment protects prisoners from cruel and unusual punishment. U.S. Const. amend. VIII. Plaintiff's claims regarding the mishandling of his property do not implicate the Eighth Amendment. Accordingly, this claim should be dismissed.

1  Defendants also argue that plaintiff's claim against defendant Grannis regarding her involvement in the appeals process should be dismissed. The court does not construe the amended complaint to state a claim based on defendant Grannis' involvement in the appeals process. Rather, plaintiff's claim against defendant Grannis is for deprivation of property.

Defendants also argue that they entitled to qualified immunity. Because the court finds that the amended complaint does not state a colorable claim for relief, the court need not reach the issue of qualified immunity.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' January 18, 2005, motion to dismiss for failure to exhaust administrative remedies be denied; defendants' January 18, 2005, motion to dismiss for failure to state a claim be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 4/20/05

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

ggh:kj
br2365.mtd